**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KELLY L. SMITH, JASON ARNOLD,**

              **Plaintiffs,**

**-vs-**                                    **Case No.  6:06-cv-1123-Orl-28KRS**

**NOSO, INC.,  JEFFREY WINSTON,**

              **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT (Doc. No. 21)** |
| **FILED:** | **May 14, 2007** |

**I.   PROCEDURAL HISTORY.**

    On August 1, 2006, Plaintiffs Kelly L. Smith and Jason Arnold filed a complaint against NOSO Inc. d/b/a The Blue Room, and Jeffrey Winston alleging violations of the minimum wage and overtime compensation provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*.  Doc. No. 1.

    The complaint was served on the defendants.  Doc. Nos. 6, 7.  The defendants did not respond to the complaint.  Accordingly, at the plaintiffs' request, the Clerk of Court entered a default against the defendants.  Doc. No. 9. The plaintiffs then filed three motions for extensions of time to move for default judgment, each of which was granted.  Doc. Nos. 10, 12, 14.  The

plaintiffs then filed a motion for default judgment. Doc. No. 16. Because the motion failed to include affidavits referenced in the memorandum, it was denied without prejudice to refiling on or before May 11, 2007. Doc. No. 19. On May 14, 2007, the plaintiffs filed the present motion for entry of a default judgment against both defendants. Doc. No. 21. The plaintiffs filed the following evidence in support of the motion:

- Affidavit of Kelly Smith, doc. no. 21-3 (Smith Aff.);
- Affidavit of Jason Arnold, doc. no. 21-4 (Arnold Aff.);
- Affidavit of Attorney's Fees and Costs, by Konstantine E. Pantas, Esq., doc. no. 21-2 (Pantas Aff.).

## II.   STANDARD OF REVIEW.

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999). If a default judgment is warranted, the court may hold a hearing for the purposes of assessing damages. *Transatlantic Marine Claims*

*Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citing Federal Rule of Civil Procedure 55(b)(2)).  However, a hearing is not necessary if sufficient evidence is submitted to support the request for damages.  *Id*.

**III.    ALLEGATIONS OF THE COMPLAINT.**

Smith and Arnold were employed by NOSO as bartenders.  Doc. No. 1 ¶¶ 4, 5.  NOSO is an employer as defined in the FLSA, and Smith and Arnold were engaged in commerce as defined in the FLSA.  *Id.* ¶¶ 6, 7.

Winston is an owner and/or officer of NOSO.  He was substantially in control of the terms and conditions of the plaintiffs' work.  As such, he is also an employer as defined in the FLSA.  *Id.* ¶¶ 9, 10.

Smith "worked from March 17, 2006 to present, and received less than the minimum wage for hours worked."  *Id*. ¶ 13.  Similarly, Arnold "worked from February, 2006 to July 28, 2006, and received less than the minimum wage for hours worked."  *Id*. ¶ 17.  These violations were willful.  *Id*. ¶¶ 13, 17.

Smith and Arnold "worked numerous weeks in excess of forty (40) hours a week, yet [were] not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which [they were] employed."  *Id*. ¶¶ 15, 19.  These violations were willful.  *Id*.

**IV.   ANALYSIS.**

*A.   Liability.*

1.   <u>FLSA Minimum Wage Claim</u>.

To establish a claim for minimum wages under the FLSA, Smith and Arnold must establish the following:

First, that they were employed by NOSO during the time period involved;

Second, that they were engaged in commerce or production of goods for commerce; and

Third, that the defendants failed to pay the minimum wage required by law.

Eleventh Circuit Pattern Jury Instructions–Civil 1.7.1 (2005).

By defaulting, NOSO admits that it employed Smith and Arnold during the relevant time period. It admits that they were engaged in commerce. It admits that it failed to pay Smith and Arnold the minimum wage as required by the FLSA. This is sufficient to establish that NOSO is liable to pay Smith and Arnold the minimum wages they are owed for their work.

2.   <u>FLSA Overtime Compensation Claim</u>.

To prevail on their FLSA overtime claims, Smith and Arnold must establish the following:

First, that they were employed by NOSO during the time period involved;

Second, that they were engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and

Third, that NOSO failed to pay the overtime compensation required by law.

*See* Eleventh Circuit Pattern Jury Instruction–Civil 1.7.1 (2000).

By failing to answer the complaint, NOSO admits that it employed Smith and Arnold during the relevant time period. It admits that it was an employer and was required to comply with

the FLSA. It also admits that it failed to pay overtime compensation as required by the FLSA. This is sufficient to establish that NOSO is liable to pay Smith and Arnold the overtime compensation they are owed for their work.

   3. <u>Joint and Several Liability</u>.

"'The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.'" *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). "To be personally liable, an officer must either be involved in the day-to-day operation or have some direct responsibility for the supervision of the employee." *Id.* at 638.

By failing to answer the complaint, Winston admits that he was an owner and/or officer of NOSO, and was substantially in control of the terms and conditions of the plaintiffs' work. Accordingly, NOSO and Winston are jointly and severally liable to Smith and Arnold for minimum wages and overtime compensation due but unpaid.

 B. *Damages.*

   1. <u>FLSA Minimum Wage Claim</u>.

Under the FLSA, Smith and Arnold are entitled to be compensated for the difference between the wages they received and $5.15 per hour for the work they performed. 29 U.S.C. § 206(a)(1).[1]

---

[1] The complaint only seeks minimum wages under the FLSA, not under Florida law, which provides for a higher minimum wage. Accordingly, the applicable minimum wage for purposes of the motion for default judgment is $5.15 per hour.

Arnold avers that he "worked an average of 45 hours per week for [NOSO] and . . . never received compensation other than tips from the defendants for the hours worked." Arnold Aff. ¶ 3. Similarly, Smith avers that she "worked an average of 45 hours per week for [NOSO] and . . . never received compensation other than tips from the defendants for the hours worked, except for one check in the amount of $129.80." Smith Aff. ¶ 3.

It is well established that "where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)).

There are special FLSA provisions for tipped employees. A tipped employee is defined as "any employee engaged in an occupation in which he customarily and regularly receives more than $30 a month in tips." 29 U.S.C. § 203(t). If an employee qualifies as a tipped employee, the employee need only be paid $2.13 per hour, if that amount plus the tips received equals at least the federal minimum wage, and the employee retains all tips. Otherwise, the employer must make up the difference between the amount received ($2.13 per hour plus tips) and the minimum wage ($5.15 per hour). 29 U.S.C. §§ 203(m), 206 (a)(1); 29 C.F.R. §§ 531.50–531.59. There are special provisions for calculating the overtime wage applicable to tipped employees. 29 C.F.R. § 531.60.

Courts interpreting these provisions have concluded that the employer bears the burden of showing the applicability of the tipped employee provisions. *Barcellona v. Tiffany English Pub,*

*Inc.*, 597 F.2d 464, 467 (5th Cir. 1979) ("On May 1, 1974, the [FLSA] was amended to place the burden of proving the amount of tips received on the employer for purposes of allowing the . . . tip credit."); *see also Kilgore v. Outback Steakhouses of Fla., Inc.*, 160 F.3d 294, 298 (6th Cir. 1998) (employer bears burden); *Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319, 1323 (1st Cir. 1992) (same). Unless the employer satisfies its burden of showing the applicability of the tip credit, the employees are "entitled to the full minimum wage for every hour worked." *Barcellona*, 597 F.2d at 467. By defaulting, the defendants have failed to show that the tipped employee provisions are applicable.

Smith avers that she "worked 45 hours for 17 weeks for a total of 765 hours."[2] Smith Aff. ¶ 5. She received one check for $129.80. *Id*. ¶ 3. Thus, Smith is owed $3,809.95 in unpaid minimum wages, calculated as follows: 765 hours multiplied by $5.15 per hour equals $3,939.75, less $129.80 wages paid.

Arnold avers that he "worked 45 hours for 21 weeks for a total of 945 hours."[3] Arnold Aff. ¶ 5. Arnold never received any compensation from the defendants. Thus, Arnold is owed $4,866.75, calculated as follows: 945 hours multiplied by $5.15 per hour.

---

[2] Smith avers that she worked from March 17, 2006, through July 21, 2006. Smith Aff. ¶ 4. There are 126 days between these dates (both of which are Fridays), and 126 divided by 7 days per week equals 18 weeks. Because Smith avers that she worked 17 weeks, *See id*. ¶ 5, her claim will be limited to the amount sought in her affidavit.

[3] Arnold avers that he worked from February 2006, through July 28, 2006, and he seeks compensation for 21 weeks of overtime. Arnold Aff. ¶ 4. There are more than 21 weeks in the approximately 6 months covered by this period. Arnold's claim will be limited to the amount sought in his affidavit.

      2.      <u>FLSA Overtime Claim</u>.

Under the FLSA, Smith and Arnold are entitled to be paid one and one-half times their regular rate of pay for all hours worked in excess of forty during a workweek. *See* 29 U.S.C. § 207(a)(1). Both Smith and Arnold aver that they "worked approximately 5 hours of overtime per week" for the periods in which they were employed, but "received no compensation from the defendants for the overtime hours worked." Smith Aff. ¶ 4; Arnold Aff. ¶ 4.

Because Smith worked 17 weeks for which she did not receive overtime compensation, and worked 5 hours of overtime each week, she is entitled to 85 hours of overtime compensation. *See* Smith Aff. ¶ 5. Because she will receive compensation for all hours worked under the minimum wage determination discussed above, she is entitled to the overtime premium (one-half of her regular rate) for each of the overtime hours worked. Thus, she is entitled to $219.30 in unpaid overtime compensation, calculated as follows: $2.58 (one half of $5.15) per hour multiplied by 85 hours of overtime work.

Because Arnold worked 21 weeks for which he did not receive overtime compensation, and worked 5 hours of overtime each week, he is entitled to 105 hours of overtime compensation. *See* Arnold Aff. ¶ 5. Because he will receive compensation for all hours worked under the minimum wage determination discussed above, he is entitled to the overtime premium (one-half of her regular rate) for each of the overtime hours worked. Thus, he is entitled to $270.90 in unpaid overtime compensation, calculated as follows: $2.58 (one half of $5.15) per hour multiplied by 105 hours of overtime work.

### 3. Liquidated Damages.

By failing to answer the complaint, NOSO and Winston admit that they acted willfully in failing to pay Smith and Arnold the statutorily required minimum wage and overtime compensation. When, as here, the defendants have not presented a defense that the failure to pay overtime compensation was in good faith, the court must also require the employer to pay liquidated damages in an additional amount equal to the amount of unpaid wages and overtime compensation. 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n.18 (5th Cir. 1979). Accordingly, NOSO and Winston are liable, jointly and severally, to pay Smith and Arnold the amount of unpaid minimum wages and overtime compensation owed to them as liquidated damages. Smith is owed $4,029.25 ($3,809.95 in minimum wages and $219.30 in overtime compensation) in liquidated damages. Arnold is owed $5,137.65 ($4,866.75 in minimum wages and $270.90 in overtime compensation) in liquidated damages.

### C. *Attorneys' Fees and Costs*.

#### 1. Attorneys' Fees.

The FLSA mandates that in any action brought by an employee to enforce § 206 or § 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; *accord Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir. 1988).

In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gaines v. Dougherty County Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985); *see also Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (enumerating additional factors to consider). "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman*, 836 F.2d at 1299 (internal citations omitted). It is well established that the court may use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002).

The "'fee applicant bears the burden of . . . documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303). "[F]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303. If the party submits inadequate documentation, the district court may reduce the amount of the award. *See id*.

Smith and Arnold request attorneys' fees in the amount of $2,760.00, calculated as follows: $300.00 per hour for 3.0 hours of work by Konstantine E. Pantas, Esq., and $300.00 per hour for

6.2 hours of work performed by Charles L. Scalise, Esq. (who withdrew mid-way through this case, *see* Doc. No. 20). Pantas Aff. ¶ 6.

With respect to the reasonable hourly rate in this case, counsel's performance merits an hourly rate consistent with that of a junior lawyer. As discussed above, counsel repeatedly sought extensions of time to move for default judgment. When the motion for default judgment was finally filed, it was not supported by appropriate affidavits. Also, counsel failed to file the present motion until after the time permitted by the order denying the first motion without prejudice.[4] Furthermore, the affidavits, which were presumably prepared by counsel based on the similarity of the language, contain incorrect calculations. *See* footnotes 3 & 4, *supra*. Finally, despite the fact that Florida law provides for a higher minimum wage than federal law, the complaint asserted only claims under federal law. Accordingly, I respectfully recommend that the Court find that $110.00 per hour is a reasonable hourly rate for Pantas and Scalise for the work performed in this case. *Cf. Kravitz v. Carpet-Mills of America-Florida, Inc.*, No. 6:06-cv-1637-31KRS, doc. no. 17 (citing *Smith v. Brevard Security Specialists, Inc.*, Case No. 6:05-cv-1652-Orl-18KRS, Doc. No. 37 (Feb. 7, 2007); *Rampersaud v. Ackeridge Communications, LLC*, Case No. 6:06-cv-125-Orl-31KRS, Doc. No. 9 (Aug. 2, 2006)).

With respect to the reasonable number of hours, I recommend that deduct from the hours for which compensation is sought the work performed arising from counsels' lack of diligence. In this case, Attorney Scalise billed 1.2 hours for preparing motions for extension of time (0.9 hours), and reviewing the Court's orders granting such motions (0.3 hours). *See* Pantas Aff. ¶ 5 (should

---

[4] It appears that this error was counsel's. Therefore, rather than punish the plaintiffs by denying the present motion as untimely, it is appropriate that any burden be borne by counsel.

be ¶ 7). Deducting these hours results in a total of 5.0 hours of compensable work performed by Attorney Scalise. *See id.*

Therefore, I recommend that the Court find that 3.0 hours of work performed by Attorney Pantas, and 5.0 hours of work performed by Attorney Scalise are reimburseable. At $110.00 per hour, this results in a total attorneys' fees award of $880.00 for work performed by both attorneys. Due to the policy underlying the FLSA which requires the Court to ensure that the worker receives all compensation due to him, I further recommend that the Court order that counsel shall not collect any fee in addition to that awarded by the Court from the minimum wage and overtime compensation awarded to the plaintiff.

    2.    <u>Costs</u>.

Smith and Arnold seek costs in the amount of $430.50 for reimbursement for the filing fee ($350.00) and for the costs of serving process in this case ($80.50). Pantas Aff. ¶ 6. The FLSA provides for a mandatory award of "costs of the action" to a prevailing plaintiff. 29 U.S.C. § 216(b). The United States Court of Appeals for the Eleventh Circuit has held that in FLSA cases, courts may award as costs those expenses permitted by 28 U.S.C. § 1920. *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988). The filing fee and costs of service are permitted under § 1920. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2001). Therefore, I recommend that the plaintiffs be awarded $430.50 in costs.

## V.    RECOMMENDATION.

For the foregoing reasons I respectfully recommend that Plaintiff's Renewed Motion for Entry of Default Judgment, doc. no. 21, be **GRANTED in part and DENIED in part**. I respectfully recommend that the Court enter a default judgment against NOSO and Winston on

Smith's and Arnold's FLSA minimum wage and overtime compensation claims and order NOSO and Winston, jointly and severally, to pay Smith's damages in the amount of $8,058.50 (including liquidated damages), and Arnold's damages in the amount of $10,275.30 (including liquidated damages); and order NOSO and Winston to pay costs in the amount of $430.50.  I recommend that the Court award attorneys' fees in the amount of $880.00.  I further recommend that the Court order that counsel shall not collect any fee in addition to that awarded by the Court from the minimum wage and overtime compensation awarded to the plaintiff.   I further recommend that the Court direct the Clerk of Court to issue a judgment consistent with its ruling on this Report and Recommendation and, thereafter, to close the file.

**Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.**

Recommended in Orlando, Florida on July 3, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy